UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Maria E. Perez,
and other similarly situated individuals,

    Plaintiff(s),

v.

Orlando Family Medical, Inc.

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff Maria E. Perez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Orlando Family Medical, Inc..., and alleges:

**JURISDICTION VENUES AND PARTIES**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIA E. PEREZ is a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ORLANDO FAMILY MEDICAL, INC.. (hereinafter ORLANDO FAMILY MEDICAL, or Defendant) is a Florida corporation having its main place of business in Orange County. Defendant was engaged in interstate commerce. Defendant ORLANDO FAMILY MEDICAL is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the action raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff MARIA E. PEREZ, and other similarly situated employees to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant ORLANDO FAMILY MEDICAL provides a complete range of medical services including patient transportation services. ORLANDO FAMILY MEDICAL operates at least 4 Medical Centers throughout central Florida.

7. Defendant ORLANDO FAMILY MEDICAL employed Plaintiff MARIA E. PEREZ as a full time, non-exempt, hourly employee, from approximately June 15, 2020, to December 01, 2020, or 24 weeks.

8. Plaintiff was hired as a phlebotomist technician and her wage rate was $14.00 an hour. Plaintiff worked at the medical center located at 931 W. Oak Street, Suite 103, Kissimmee, Florida 34741.

9. Plaintiff alleges that during her employment with Defendant she worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

10. Plaintiff had an official schedule. From Monday to Friday Plaintiff clocked in at 8:00 AM and clocked out 5:00 PM (9 hours daily). Plaintiff also clocked in and out for 1 hour of lunchtime every day. This schedule represented 40 working hours weekly.

11. However, every day Plaintiff began to work at 7:45 AM, but she was required to clock in at 8:00 AM. At noon Plaintiff clocked in and out

for 1 hour of lunchtime, even though Plaintiff was unable to take a bonafide lunch break, Defendant deducted 1 hour as lunchtime time. At the end of the workday, Plaintiff was required to clock out at 5:00 PM, but she had to stay at least until 5:30 PM, to complete her assigned duties.

12. Consequently, every day Plaintiff worked 1.45 off-the-clock hours, which represents 47.25 working hours weekly. These off the clock hours constitute 7.25 unpaid overtime hours that were not paid to Plaintiff at any rate.

13. Plaintiff clocked in and out digitally, and Defendant was able to track the hours worked by Plaintiff. Furthermore, Defendant required Plaintiff to work off-the-clock hours.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly for 40 or fewer working hours. Plaintiff was paid with checks and paystubs that did not show the real number of hours worked.

16. On or about December 01, 2020, Plaintiff complained to her Supervisor, Elizabeth LNU, Plaintiff demanded to be paid for overtime hours. As a result of her complaint, Plaintiff was fired on the spot.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime based on her recollections. In this Complaint Plaintiff is claiming overtime hours, after proper discovery, Plaintiff will amend her complaint to claim any unpaid regular hours.

18. Plaintiff MARIA E. PEREZ seeks to recover any unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

20. Plaintiff MARIA E. PEREZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff MARIA E. PEREZ as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant ORLANDO FAMILY MEDICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides medical services. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and

belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a phlebotomist technician, and through her daily activities, used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendant ORLANDO FAMILY MEDICAL employed Plaintiff MARIA E. PEREZ as a full time, non-exempt, hourly employee, from approximately June 15, 2020, to December 01, 2020, or 24 weeks.

25. Plaintiff was hired as a phlebotomist technician and her wage rate was $14.00 an hour.

26. Plaintiff alleges that during her employment with Defendant, she worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

27. Plaintiff had an official schedule. From Monday to Friday Plaintiff clocked in at 8:00 AM and clocked out 5:00 PM (9 hours daily).

Plaintiff also clocked in and out for 1 hour of lunchtime every day. This schedule represented 40 working hours weekly.

28. However, every day Plaintiff began to work at 7:45 AM, but she was required to clock in at 8:00 AM. At noon Plaintiff clocked in and out for 1 hour of lunchtime, even though Plaintiff was unable to take a bonafide lunch break, Defendant deducted 1 hour as lunchtime time. At the end of the workday, Plaintiff was required to clock out at 5:00 PM, but she had to stay at least until 5:30 PM, to complete her assigned duties.

29. Consequently, every day Plaintiff worked 1.45 off-the-clock hours, which represents 47.25 working hours weekly. These off the clock hours constitute 7.25 unpaid overtime hours that were not paid at any rate.

30. Defendant ORLANDO FAMILY MEDICAL failed to pay Plaintiff MARIA E. PEREZ at least 7.25 off-the-clock hours every week period, which constituted unpaid overtime hours, in violation of the Fair Labor Standards Act.

31. Plaintiff clocked in and out digitally, and Defendant was able to track the hours worked by Plaintiff. Furthermore, Defendant required Plaintiff to work off-the-clock hours.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid weekly for 40 or fewer working hours. Plaintiff was paid with checks and paystubs that did not show the real number of hours worked.

34. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

35. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of unpaid O/T wages</u>:

       Three Thousand Six Hundred Fifty-Four Dollars and 00/100 ($3,654.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 24 weeks
       Relevant weeks of employment: 24 weeks
       Total number of hours worked: 47.5 hours weekly
       Total number of off-the-clock hours worked: 7.25 hours average weekly
       Total number of unpaid off-the-clock O/T hours: 7.25 hours
       Regular rate: $14.00 an hour x 1.5 = $21.00 O/T rate
       O/T rate: $21.00

       O/T rate $21.00 x 7.25 O/T hours=$152.25 weekly x 24 weeks=$3,654.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

39. At all times material hereto, the Employer/Defendant ORLANDO FAMILY MEDICAL failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum

hours provided by the Act but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked over forty.

40. Defendant ORLANDO FAMILY MEDICAL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. Defendant ORLANDO FAMILY MEDICAL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these

overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA E. PEREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant ORLANDO FAMILY MEDICAL based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIA E. PEREZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE

44. Plaintiff MARIA E. PEREZ re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

45. Defendant ORLANDO FAMILY MEDICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides medical services. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was

always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a phlebotomist technician, and through her daily activities, used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

47. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

50. Defendant ORLANDO FAMILY MEDICAL employed Plaintiff MARIA E. PEREZ as a full time, non-exempt, hourly employee, from approximately June 15, 2020, to December 01, 2020, or 24 weeks.

51. Plaintiff was hired as a phlebotomist technician and her wage rate was $14.00 an hour.

52. During her time of employment with Defendant, Plaintiff worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

53. Every day Plaintiff began to work at 7:45 AM, but she was required to clock in at 8:00 AM. At noon Plaintiff clocked in and out for 1 hour of lunchtime, even though Plaintiff was unable to take a bonafide lunch break, Defendant deducted 1 hour as lunchtime time. At the end of the workday, Plaintiff was required to clock out at 5:00 PM, but she had to stay at least until 5:30 PM, completing her assigned duties.

54. Consequently, every day Plaintiff worked 1.45 off-the-clock hours, which represents 47.25 working hours weekly. These off the clock hours constitute 7.25 unpaid overtime hours that were not paid at any rate.

55. Plaintiff clocked in and out digitally, and Defendant were able to track the hours worked by Plaintiff. Furthermore, Defendant required Plaintiff to work off-the-clock hours.

56. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. Plaintiff was paid weekly for 40 or fewer working hours. Plaintiff was paid with checks and paystubs that did not show the real number of hours worked.

58. On or about December 01, 2020, Plaintiff complained to her Supervisor, Elizabeth LNU, Plaintiff demanded to be paid for overtime hours.

59. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

60. As a result of her complaint, Plaintiff was immediately fired by the Supervisor.

61. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

62. The termination of Plaintiff MARIA E. PEREZ by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because she complained about missing payment for overtime hours, in violation of the FLSA.

63. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

64. Defendant ORLANDO FAMILY MEDICAL willfully and maliciously retaliated against Plaintiff MARIA E. PEREZ by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

65. The motivating factor which caused Plaintiff MARIA E. PEREZ to be fired from the business, as described above was her complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired, but for her complaints about overtime wages.

66. Defendant's adverse actions against Plaintiff MARIA E. PEREZ were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

67. Plaintiff MARIA E. PEREZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA E. PEREZ respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff MARIA E. PEREZ by Defendant ORLANDO FAMILY MEDICAL, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendant ORLANDO FAMILY MEDICAL, awarding Plaintiff MARIA E. PEREZ liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff MARIA E. PEREZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  February 8, 2021

                                Respectfully submitted,

                                By:  **/s/ Zandro E. Palma**
                                ZANDRO E. PALMA, P.A.
                                Florida Bar No.: 0024031
                                9100 S. Dadeland Blvd.
                                Suite 1500
                                Miami, FL 33156
                                Telephone: (305) 446-1500
                                Facsimile:         (305) 446-1502
                                zep@thepalmalawgroup.com
                                *Attorney for Plaintiff*